UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE LEE HODGES,

                    Petitioner,

                                                Civil No. 07-14874
v.                                              Honorable David M. Lawson

L. C. EICHENLAUB,

                    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION

The petitioner, Tommie Lee Hodges, a federal prisoner currently confined at the Federal

Correctional Institute in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 complaining that a representative of the United States Marshals Service placed

improper information in his file that resulted in an erroneous prison classification. A complaint of

that nature cannot be entertained in an action for habeas corpus, and therefore the petitioner has

failed to state a claim upon which relief may be granted. The Court will dismiss the petition for writ

of habeas corpus.

I.

The petitioner pleaded guilty to conspiracy to possess with intent to distribute and to

distribute over 1,000 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1), 846, and conspiracy to launder

money, 18 U.S.C. §§ 1956(a)(1)(A)(I), 1956(a)(1)(B)(I), 1956(a)(1)(B)(ii) and 1956(h), in this

District before the Honorable Avern Cohn and was sentenced on October 2, 2007 to 150 months

imprisonment, to be followed by three years of supervised release. In his habeas petition, the

petitioner asserts that the United States Marshals Service has placed false information in his file,

which has caused the Federal Bureau of Prisons ("BOP") to give him an improper prison

classification. The petitioner states that he has not exhausted his administrative remedies, but claims

that his complaint does not involve the BOP.

## II.

After a petition for habeas corpus is filed, the Court must undertake a preliminary review of

the petition to determine whether "it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules

Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court

determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.

*Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen

out" petitions that lack merit on their face). A federal district court is authorized to summarily

dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached

exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S.

849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254

Cases, Rule 4, 28 U.S.C. fol. § 2254.

The Court has undertaken the preliminary review required by Rule 4 and concludes that the

petition must be dismissed for failure to state a claim upon which relief may be granted. It is well-

settled that prison classifications, assignments, and transfers are functions wholly within the

discretion of the BOP. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427

U.S. 215, 225 (1976). Federal prisoners do not have a due process liberty interest in their

classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Similarly,

federal prisoners do not have a liberty interest in remaining free from discretionary transfers to less

agreeable prisons. *Meachum*, 427 U.S. at 225. Prisoners also have no right to be housed in a

particular institution or a particular part of an institution.  *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Caderno v. Thoms*, 50 F. App'x. 200, 201 (6th Cir. 2002) (collecting pertinent cases).

The United States Court of Appeals for the Sixth Circuit has held that a federal inmate who challenges his security classification fails to state a cognizable claim upon habeas review.  *See Bazuaye v Bogan*, No. 93-2085, 1994 WL 75895, *2 (6th Cir. 1994) (unpublished) (citing *Olim,* 461 U.S. at 245, and *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992)); *accord Braswell v. Gallegos*, 82 F. App'x. 633, 636 (10th Cir. 2003) (district court properly denied federal prisoner's § 2241 petition challenging his classification)).  That is all the petition in this case contains.  Because the petitioner challenges his prison classification in this action, albeit as a result of the actions of certain members of the Marshal's Service, he fails to state a claim upon which habeas corpus relief may be granted under 28 U.S.C. § 2241.

III.

For the reasons stated, the Court concludes that the petitioner has failed to state a claim upon which habeas relief may be granted in his petition.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 18, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 18, 2008.

s/Felicia M. Moses
FELICIA M. MOSES